1  Mark R. Thierman, CBN 72913
   **THIERMAN LAW FIRM**
2  7287 Lakeside Drive
   Reno, NV 89511
3  Tel: (775) 284-1500
   Fax: (775) 703-5027
4  Attorney for Plaintiffs

5
   Robert M. Pattison, CBN 103528
6  Scott Oborne, CBN 191257
   **JACKSON LEWIS, LLP**
7  199 Fremont Street
   San Francisco, CA 94105
8  Tel: (415) 394-9400
   Fax: (415) 394-9401
9  Attorneys for Defendants

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12 | SCOTT WOOD, CHARLES W. JUDSON, ) Case No.: S-03-2592 DFL PAN
   | WILLIAM BATES, SYBILLE GROTE, )
13 | MARTIN REEVES, ERNEST STEWART, ) **[PROPOSED] JUDGMENT AND ORDER**
   | STEVE FORSYTHE, ROBERT BADILLA, ) **OF DISMISSAL**
14 | BRIAN THOMPSON, KARVIN )
   | TILANDER, CHARLES ("CHUCK") ) Date:     June 29, 2006
15 | JENNINGS, LORENZO RAMIEREZ and ) Time:    1:30 p.m.
   | MINDY GABRIEL on behalf of themselves ) Place:   Courtroom 7
16 | and all others similarly situated, ) Judge:   David Levi
                                          )
17         Plaintiffs,                    )
         v.                               )
18                                        )
                                          )
19 | GRANITE CONSTRUCTION COMPANY )
   | and FEDERAL INSURANCE COMPANY )
20                                        )
           Defendants.                    )
21  _____

22
   ///
23
   ///
24
   ///
25
   ///

[PROPOSED] JUDGMENT AND ORDER OF DISMISSAL                                    1

|   |   |
|---|---|
| SCOTT WOOD, CHARLES W. JUDSON, WILLIAM BATES, SYBILLE GROTE, MARTIN REEVES, ERNEST STEWART, STEVE FORSYTHE, ROBERT BADILLA, BRIAN THOMPSON, KARVIN TILANDER and CHUCK JENNINGS, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>VALENTINE SURFACING, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and UNITED PACIFIC INSURANCE COMPANY,<br><br>  Defendants | Related Case No. S-03-2514-DFL-PAN |

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the parties' Settlement Agreement.[1] Due and adequate notice having been given to the Class, and the Court having considered the Settlement, Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the Settlement Agreement, and having reviewed the record in this litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the parties' Stipulation Re: Settlement of Class Action filed in this case.

---

[1] The specific terms of the parties' settlement, including the definitions of capitalized terms set forth in this Judgment and Order of Dismissal, are set forth in the Stipulation Re: Settlement of Class Action filed by the parties, referred to in the Judgment and Order of Dismissal as the parties' "Settlement Agreement.".

[PROPOSED] JUDGMENT AND ORDER OF DISMISSAL

2.  The Court has jurisdiction over the subject matter of the litigation, the Class Representatives, the other Members of the Settlement Class and Granite Construction Company.

3.  The Court finds that the distribution of the Notice to Class Regarding the Approval of the Proposed Settlement Agreement as provided for in the Order Granting Final Approval of Settlement constituted the best notice practicable under the circumstances to all Class Members, and fully met the requirements of due process under the United States Constitution and California law.  Based on evidence and other material submitted in conjunction with the Court's consideration of the parties' Settlement Agreement, the actual notice to the Class was adequate.

4.  The Court finds in favor of the settlement approval.

5.  The Court approves the settlement of the above-captioned action, as set forth in the parties' Settlement Agreement, Each of the releases and other terms is fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6.  Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class, all of the Released Claims are dismissed with prejudice as to the Members of the Settlement Class, including the Class Representatives. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

7.  Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Settlement Agreement, and the Court deems this definition sufficient for purposes of due process and Rule 23.

8. With respect to the Settlement Class and for purposes of approving this settlement, the Court finds and concludes that: (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well defined community of interest among Members of the Settlement Class with respect to the subject matter of the litigation; (c) the claims of Class Representatives, Scott Wood, et al., are typical of the claims of the Members of the Settlement Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, *i.e.* Class Counsel, are qualified to serve as counsel for the Class Representatives in their individual and representatives capacities and for the Settlement Class.

9. By operation of this Judgment, each Member of the Settlement Class, including all Class Representatives, shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims), as that term is defined in the Settlement Agreement. The Released Claims, as defined in the Settlement Agreement, include without limitation, and all claim demands, rights, liabilities and causes of action of every nature and description whatsoever including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against Granite Construction Company, that accrued at any time on or prior to the final approval date for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims, including without limitation claims for unpaid wages, *i.e.* wages that were not paid for work on public works projects. The specific definition of Released Claims set forth in the

parties' Stipulation Re: Settlement of Class Action defines the specific parameters of this release.

10. The Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement shall not be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Granite Construction Company; and shall not be deemed to be or may be used as an admission of, or evidence of, any fault of Granite Construction Company.

11. The only Settlement Class Members entitled to payment pursuant to this Judgment are the Class Members with an Approved Claim, as that term is defined under the parties' Settlement Agreement. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

12. Granite Construction Company has agreed to pay Class Counsel their reasonable attorney's fees in this matter in the amount of twenty-five percent (25%) of the Maximum Settlement Payment, less any potential Settlement Payments attributable to those Class Members who submit Opt Out forms, as well as certain allowable costs in this matter up to the amount of $8,000.00. Granite Construction Company has further agreed to pay an enhancement to the Class Representatives to reimburse them for their unique services in the amount of $10,000.00 each. The court finds that these agreements are fair and reasonable. Granite Construction Company is directed to make such payments in accordance with the terms of the Settlement Agreement.

13. The Court reserves exclusive and continuing jurisdiction over the litigation, the Class Representatives, the Settlement Class and Granite Construction Company for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

1  14. Based on the foregoing, and in consideration of the parties' request to dismiss this Lawsuit in its entirety, this Order of Dismissal achieves dismissal of the entire Lawsuit.

15. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

IT IS SO ORDERED.

Dated:  6/29/2006

_____
DAVID F. LEVI
Chief United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25