IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT WOOD, CHARLES W. JUDSON, WILLIAM BATES, SYBILLE GROTE, MARTIN REEVES, ERNEST STEWART, STEVE FORSYTHE, ROBERT BADILLA, BRIAN THOMPSON, KARVIN TILANDER and CHUCK JENNINGS, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   vs.<br><br>VALENTINE SURFACING,<br><br>   Defendant. | No. 2:03-CV-2514-RRB-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**I.   INTRODUCTION**

At Docket 64 is Defendant Valentine Surfacing ("Defendant") with a Motion for Summary Judgment. Defendant argues that it is entitled to summary judgment because there are no genuine issues of material fact. The motion is opposed at Docket

ORDER GRANTING DEFENDANT'S
      MOTION FOR SUMMARY JUDGMENT - 1
2:03-CV-2514-RRB-EFB

86. Foor reasons more carefully articulated below, is hereby **GRANTED**.[1]

**II. FACTS**

Inasmuch as the facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

**III. STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[2] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[3] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

[2] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[3] Id. at 323-325.

ORDER GRANTING DEFENDANT'S
   MOTION FOR SUMMARY JUDGMENT - 2
2:03-CV-2514-RRB-EFB

for trial.[4]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[5]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[6]

**IV. DISCUSSION**

The applicable law from California and Nevada is clear – Defendant <u>cannot</u> be liable to Plaintiffs Scott Wood, Charles W. Judson, William Bates, Sybille Grote, Martin Reeves, Earnest Stewart, Steve Forsythe, Robert Badilla, Brian Thompson, Karvin Tilander, Chuck Jennings, and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), for prevailing wages, because Defendant <u>never</u> employed Plaintiffs.[7]

Even if some employment relationship existed (which the Court concludes it does not), Plaintiffs are still precluded under <u>all</u> applicable law from obtaining wages because Plaintiffs were delivery drivers with <u>no</u> functional relationship to any public

---

[4] <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-9 (1986).

[5] <u>Id.</u> at 255.

[6] <u>Id.</u> at 248-9.

[7] Docket 87 at 9.

ORDER GRANTING DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT - 3
2:03-CV-2514-RRB-EFB

works projects.[8]  Moreover, Plaintiffs were never involved in the "immediate incorporation" of any and all hauled materials into any and/or all sites.[9]

**V.   CONCLUSION**

Having throughly reviewed the relevant pleadings, papers, etc., and for good cause shown, Defendant's motion at **Docket 64** is hereby **GRANTED**.  Any and/or all remaining motions and/or claims are **DISMISSED** as moot, and this matter is closed.

ENTERED this 21st day of September, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[8]  Id. (emphasis added).  Indeed, ". . . the mere act of 'hauling' equipment or material to a public works project does not entitle a worker to the payment (from any party) of prevailing wages."  Docket 65 at 8 (citation omitted).

[9]  Id. (citation omitted).

ORDER GRANTING DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT - 4
2:03-CV-2514-RRB-EFB